**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1394-19

IN THE MATTER OF THE
ESTATE OF KATHRYN
PARKER BLAIR, deceased.

_____

Submitted March 1, 2021 – Decided April 15, 2021

Before Judges Hoffman and Suter.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. P-000300-13.

Lori Ann Parker, appellant/cross-respondent pro se.

Frank T. Luciano, attorney for respondents/cross-appellants Harry Parker, Jr., and the Estate of Kathryn Parker Blair.

PER CURIAM

Pro se petitioner Lori Ann Parker appeals for the fourth time in this case involving the Estate of Kathryn Parker Blair (the Estate), this time appealing from Chancery Division orders dated October 18 and 22, 2019. The October 18 order, entered by Judge Edward A. Jerejian, denied petitioner's request to amend

a previous order. The October 22 order, entered by Judge Bonnie J. Mizdol, the assignment judge for Bergen County, precluded petitioner from filing additional pleadings against the Estate, its beneficiaries, or its attorneys without first obtaining leave "from the Bergen County Assignment Judge or her designee." The Estate cross-appeals from the October 18 order to the extent that it denied the Estate's motion for monetary sanctions against petitioner. We affirm.

I.

We summarize the relevant facts and procedural history set forth in Judge Mizdol's comprehensive written opinion below, which accompanied her October 22, 2019 order, and in our previous written opinions addressing petitioner's appeals in this matter. See In re Estate of Blair (Blair I), No. A-5482-13 (App. Div. February 1, 2016) (slip op.); In re Estate of Blair (Blair II), No. A-0100-15 (App. Div. February 22, 2017) (slip op.); In re Estate of Blair (Blair III), No. A-1834-17 (App. Div. January 16, 2019) (slip op.).

Petitioner is the niece of decedent Kathryn Parker Blair. In 1987, decedent executed a will (the 1987 Will), which provided for her estate to pass equally to her siblings but, if a sibling predeceased her, "that sibling's share would pass to his or her surviving children. Petitioner's father, one of decedent's siblings, died in 2002." Blair III, slip op. at 2. On October 11, 2012, decedent

A-1394-19

– then eighty years of age – executed a new will (the 2012 Will), which omitted petitioner as a beneficiary. Two days later, decedent died of cancer. The 2012 Will was probated on October 24, 2012.

On July 17, 2013, petitioner filed a complaint, seeking to vacate the probate of the 2012 Will, alleging it "was the product of undue influence and decedent lacked the testamentary capacity to execute the will." Ibid. The trial court ultimately granted summary judgment in favor of the Estate on April 29, 2014, finding petitioner failed to offer sufficient evidence to support her claims and the Estate presented competent evidence, chiefly in the form of testimony from decedent's uninterested friends, establishing decedent's testamentary capacity and her expressed intent to disinherit her nieces and nephews.

Following the trial court's entry of summary judgment in favor of the Estate in April 2014, petitioner filed more than thirty different pleadings over a four-year period, attempting to reverse the court's summary judgment order. These filings included at least five motions to reconsider or vacate the 2014 summary judgment order as well as numerous notices of correction, supplemental filings, motions to stay, and amendments to motions already decided.

3

First, in May 2014, petitioner moved for reconsideration of the summary judgment order, which the trial court denied on June 24, 2014, "finding petitioner's substantive claims were meritless."  Id. at 4-5.  Petitioner then filed a second motion for reconsideration in July 2014, alleging the trial court had not received all the documents she submitted in support of her motion for summary judgment and in opposition to the Estate's motion for summary judgment, mainly decedent's medical records.[1]  On August 4, 2014, the trial court denied the second motion for reconsideration, indicating the allegedly missing documents were immaterial and actually had been considered by the court.  In September 2014, petitioner filed a motion "to settle the record" in the trial court, alleging irregularities related to the missing documents issue and the mishandling of evidence by the surrogate's court.  The trial court denied this motion, finding petitioner's arguments "were 'already considered but rejected' by the court, and [petitioner] 'raise[d] the same unsubstantiated allegations' to reargue her motion."  Id. at 6.  Petitioner brought a similar motion in the surrogate's court, which was also denied.

---

[1]  Adopting Judge Mizdol's terminology, we refer to this claim as "the missing documents issue."

A-1394-19

Petitioner appealed the trial court's summary judgment findings and the denial of her first motion for reconsideration, which, we affirmed in Blair I, finding "insufficient merit in the arguments petitioner raise[d] to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E)." Blair I, slip op. at 8. Petitioner separately filed an appeal from the order denying her second motion for reconsideration, and later filed motions requesting we also review the denials of her motions to settle the record. We denied these motions, and petitioner thereafter withdrew her appeal of the trial court's denial of her second motion for reconsideration.

In April 2015, while Blair I was pending, petitioner filed a Rule 4:50-1 motion to vacate the trial court's April 2014 summary judgment order and its June 2014 order denying reconsideration, again invoking the missing documents issue and alleging misconduct on the part of the surrogate's office. The trial court denied this motion to vacate in June 2015. Consequently, the Estate filed a cross-motion seeking sanctions against petitioner for frivolous litigation, pursuant to Rule 1:4-8(b), and seeking to enjoin petitioner from filing further pleadings in the matter. The trial court granted the Estate's request for sanctions in August 2015, ordering petitioner to pay a sanction of $750; however, the court

5

ordered the Estate's motion to bar future filings must be directed to the assignment judge.

Petitioner appealed the denial of her motion to vacate and the order imposing sanctions.  On February 22, 2017, in Blair II, slip op. at 6, we affirmed the denial of the motion to vacate, finding petitioner's claims were "generalized and non-specific", "unsupported by corroborating documentation", and "meritless."  However, though there was "evidence in the record supporting an award of sanctions," we reversed the sanctions award because the Estate's motion was not supported by a proper Rule 1:4-8(b)(1) certification.  Id. at 10-13.

In August 2016, petitioner filed a complaint in federal court against Bergen County, the Bergen County surrogate's office, and employees of the surrogate's office, again alleging these parties wrongfully mishandled petitioner's filings and tampered with the record.  The district court rejected her complaint as time-barred, and the Third Circuit affirmed in June 2017, agreeing the complaint was untimely and expressing doubt that the complaint "state[d] any claim upon which relief could be granted."  Parker v. Cnty. of Bergen, 696 Fed. Appx. 83, 86 (3d. Cir. 2017).

In September 2017, petitioner filed a Probate Part motion,

A-1394-19

> requesting the [c]ourt to reopen the judgments of April 29, 2014, and July 10, 2015, and to modify the judgment of April 29, 2014, in light of the failure to deliver the petitioner's original, filed documents to the trial court, and in light of the appellate court's ruling regarding the invalidity of the type of [Rule] 1:4-4(b) certifications used by [the Estate].
>
> [Blair III, slip op. at 8 (alterations in original).]

The trial court denied the motion in October 2017 because it was untimely, not supported by new evidence, and based on arguments which had been rejected multiple times. Additionally, the court rejected petitioner's argument regarding the Estate's defective certifications because the Estate supplemented the affected pleadings with "properly certified versions with identical factual content[.]" Id. at 9. Petitioner appealed the trial court's order denying her motion, and on January 16, 2019, we affirmed "substantially for the reasons set forth in [the trial court's] written opinion" and found "insufficient merit in the arguments petitioner raise[d] to warrant further discussion[.]"[2] Id. at 12.

On March 29, 2019, petitioner filed a new Rule 4:50-1 motion seeking once again to vacate the April 29, 2014 summary judgment order upholding the probate of the 2012 Will. This time, petitioner claimed her motion was

_____

[2] Petitioner moved for reconsideration of our decision in Blair III, as she did of our decisions in Blair I and Blair II. We denied the motions in all three cases.

7

supported by newly discovered evidence that showed the Estate's attorney fraudulently altered the 1987 Will to conceal a handwritten codicil.  Petitioner's new evidence consisted of enlarged photographs that depicted decedent and the 1987 Will, with indiscernible handwriting visible at the bottom of the will's signature page.  The Estate opposed petitioner's motion and filed a separate cross-motion on May 14, 2019 seeking to bar petitioner from filing any further pleadings without first obtaining judicial approval.

Judge Edward A. Jerejian heard oral argument on the motions, at which the Estate produced the original 1987 Will.  Upon inspection, Judge Jerejian determined, "there was <u>zero</u> indication of any 'handwriting' on the document aside from the signatures located on the signature page.  Moreover, the original document did not contain a scintilla of any foreign substance on the page, such as 'white out' or a concealing substance."[3]  In turn, Judge Jerejian denied petitioner's motion in an order dated August 2, 2019.  In an accompanying written opinion, he cast petitioner's claims as "entirely without merit" and "yet

---

[3] A footnote in petitioner's brief here indicates that in December 2019, she filed a tort action in federal court against the Estate's attorney for fraudulent concealment of a codicil to the 1987 Will, which she now asserts was written on a copy of the 1987 Will.

another act of recreational litigation in which [petitioner] attempts to resuscitate this matter through vexations and meritless motion practice."

The August 2, 2019 order also denied without prejudice the Estate's cross-motion to bar petitioner from unapproved future filings on the basis that the Estate failed to properly serve this motion on petitioner and failed to "clearly indicate that the motion was to be made returnable to the Assignment Judge in accordance with the case law and court rules."  Judge Jerejian directed the Estate to refile the motion properly, which the Estate did on August 16, 2019.  On the same day, the Estate also filed a motion for monetary sanctions against petitioner "under [Rule] 1:4-8 and N.J.S.A. 2A:15-59.1 for filing a frivolous pleading."

Petitioner, on August 26, 2019, filed a Rule 4:49-2 motion to amend Judge Jerejian's August 2, 2019 order "to remove all degrading and demeaning references to the petitioner as a 'recreational litigant'" and pursuant to Rule 1:12-1 requesting "Judge Jerejian recuse himself from any further proceedings in this matter . . . due to his long-term friendship with [the Estate's attorney], and his clear bias against people who represent themselves in court."  On October 18, 2019, Judge Jerejian heard arguments on petitioner's motions for amendment and recusal and on the Estate's motion for frivolous litigation sanctions.  On that same date, Judge Mizdol heard the Estate's motion to bar future pleadings.

A-1394-19

In an order dated October 18, 2019, Judge Jerejian denied petitioner's motion for recusal and for amendment of the August 2, 2019 order. Following oral argument, Judge Jerejian explained on the record that he had no relationship with the Estate's attorney and that the terminology used in the written opinion accompanying the August 2, 2019 order was not meant to offend petitioner, as "[i]t was terminology basically from a case." The order also denied the Estate's cross-motion for frivolous litigation sanctions. On the record, Judge Jerejian explained, that he did not "believe it would serve any purpose to escalate this further[,] so I'm not going to issue any sanctions."

Judge Mizdol entered an order on October 22, 2019 granting "[t]he Estate's motion to preclude [petitioner] from filing any additional motions, applications, notices or new complaints relating to this case unless [p]etitioner obtains leave for the filing of a pleading from the Assignment Judge of Bergen County or her designee[.]" The order instructed:

> Petitioner is enjoined and restrained from filing any additional motions, applications or notices in the matter . . . unless [p]etitioner follows the following procedure:
>
> a. Petitioner must first file a certification with the Bergen County Assignment Judge or her designee, under penalty of perjury and other sanctions which might be imposed by the court, that the pleading she seeks leave to file does not address any issue previously raised in this court

or in any other court at any time in the past, regardless of whether the issue was previously adjudicated or an adjudication is still pending;

b. Petitioner must also file a written summary identifying the nature of the issue(s) that Petitioner intends to raise in her pleading and the facts she can establish to support the issue(s), which summary shall be written in clear and concise language not exceeding two hundred (200) words and without reference to any generalities, suppositions or conjectures;

c. In the event Petitioner claims that an issue in her pleadings should be addressed because of the discovery of "new evidence", then, in addition to the writings required previously, the Petitioner must support this contention by her certification submitted under penalty of perjury and other sanctions that might be imposed by the Court establishing the following:

    i.    the specific nature of the new evidence;

    ii.    the date the new evidence was discovered;

    iii.    the manner in which the new evidence was discovered; and

    iv.    the reason why the new evidence can materially change any prior ruling in this case. After review, the Bergen County Assignment Judge or her designee shall determine whether to reject frivolous or abusive filings or whether a meritorious claim exists.

A-1394-19

Judge Mizdol also issued a well-reasoned twenty-seven-page opinion in support of the order that reviewed the constitutional and public policy implications of limiting petitioner's filings, ultimately concluding that such an order was permissible and necessary pursuant to <u>Rosenblum v. Borough of Closter</u>, 333 N.J. Super. 385 (App. Div. 2000).

Petitioner now appeals Judge Jerejian's October 18, 2019 order to the extent that it denied her motion to amend the August 2, 2019 order. She also appeals Judge Mizdol's October 22, 2019 order granting the Estate's motion to restrict her future pleadings. The Estate cross-appeals Judge Jerejian's October 18, 2019 order to the extent that it denied the Estate's motion for monetary sanctions based on petitioner's frivolous litigation.

Petitioner presents the following arguments on appeal:

<u>POINT I.</u>

The trial court erred in denying the appellant's motion to amend, in its order of October 18, 2019, and the assignment judge erred in granting the appellee's motion to bar pleadings in its Order of October 22, 2019, as the criteria in <u>Parish v. Parish</u> was not met.

[POINT] II.

The Bergen County Court is Biased Against the Appellant[.]

The Estate presents the following points for our review of its cross-appeal:

Whether Trial Court's Decision to deny the Estate's request to impose financial sanctions against Lori Ann Parker was in error.

Point II

Whether the Trial Court Abused its Discretion in Barring Appellant from filing any further Pleadings in this Action, Absent Prior Court Approval[.]

Point III

Whether the Trial Court's Refusal to Amend its August 2, 2019 Order was in Error[.]

II.

We first address petitioner's challenge to Judge Mizdol's October 22, 2019 order that enjoined petitioner from filing further pleadings in this matter without first obtaining approval from the assignment judge.

"[C]ourts have the inherent authority, if not the obligation, to control the filing of frivolous motions and to curtail 'harassing and vexatious litigation.'" Zehl v. City of Elizabeth Bd. of Educ., 426 N.J. Super. 129, 139 (App. Div. 2012) (quoting Rosenblum, 333 N.J. Super. at 387).  In Rosenblum, 333 N.J. Super. at 395-97, we held that where traditional sanctions have failed to deter a litigant from his pattern of bringing repetitive, meritless, and harassing actions, an assignment judge may enjoin the litigant's bringing of a further action.

However, the power to enjoin prospective harassing litigation "must be exercised consistently with the fundamental right of the public to access to the courts in order to secure adjudication of claims on their merits." Id. at 396 (quoting D'Amore v. D'Amore, 186 N.J. Super 525, 530 (App. Div. 1982)). Thus, a court should exercise its discretion to limit a litigant's ability to present a claim sparingly, reserved to those situations where the judge found past pleadings to be frivolous and tried to abate such abuse by employing appropriate sanctions. Parish v. Parish, 412 N.J. Super. 39, 54-55 (App. Div. 2010). Absent finding a need to control baseless litigation, restricting access to the court is an abuse of discretion. Id. at 51.

Acknowledging these standards, Judge Mizdol concluded enjoining petitioner from filing without approval was appropriate because "[p]etitioner has engaged in vexatious and confounding litigation . . . since 2013 with a futile stream of frivolous motions and appeals" involving the same issues and seeking "the same relief, relief denied by the trial court, Appellate Division and Supreme Court." Because petitioner's filings never relented despite the numerous court decisions casting petitioner's claims as meritless and her brush with Rule 1:4-8 sanctions, which were only vacated for a procedural deficiency, Judge Mizdol also found "that [p]etitioner will continue to file frivolous pleadings unless

14

restrained, since traditional sanctions for frivolous claims have not proved a deterrent." Additionally, the judge expressed concern that traditional monetary sanctions would be ineffective, given petitioner's apparently limited income, which enabled her to obtain in forma pauperis status earlier in the litigation.

We perceive no basis to disturb the October 22, 2019 order. As detailed in Judge Mizdol's comprehensive opinion, petitioner's repeated filings clearly demonstrate a pattern of frivolous and meritless litigation, designed to harass not only the Estate, but also its attorney, the court, and court staff. Despite the specter of sanctions, petitioner remains unabated from raising meritless claims, her appellate briefs here bearing no exception. We therefore find the order entered by Judge Mizdol did not constitute an abuse of discretion, but rather a suitable exercise of the authority to control baseless and frivolous litigation.

Petitioner also challenges Judge Jerejian's October 18, 2019 order denying petitioner's motion to amend Judge Jerejian's prior order of August 2, 2019. Petitioner's motion actually sought to amend the Judge Jerejian's written opinion that accompanied the August 2, 2019 order, to omit the judge's references to petitioner as a vexatious and recreational litigant and characterization of her

15

April 2019 motion to vacate as frivolous and meritless.[4]  On appeal, petitioner argues Judge Jerejian abused his discretion by declining to amend his opinion, essentially because she claims the language he used was inaccurate and derogatory.

Motions "seeking to alter or amend a judgment or order" are governed by Rule 4:49-2, "[e]xcept as otherwise provide by [Rule] 1:13-1", which governs the correction of clerical mistakes in judgments.  R. 4:49-2.  Granting a Rule 4:49-2 motion is a matter that is within the sound discretion of the court. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996).  This discretion should only be exercised when required in the interest of justice.  Id. at 384.

It is well-established that a Rule 4:49-2 motion should only be granted in

> those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.  Said another way, a litigant must initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process.

---

[4]  We are mindful that appeals are taken from orders, not opinions, and note that the order dated August 2, 2019 contained none of the language petitioner sought to omit through amendment.

[D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).]

Additionally, such a motion may properly be granted if a litigant brings new, previously unavailable evidence to the court's attention.  Ibid.

When a trial court denies a party's Rule 4:49-2 motion to amend, a reviewing court shall overturn the denial only in the event the court abused its discretion.  Marinelli v. Mitts & Merrill, 303 N.J. Super. 61, 77 (App. Div. 1997).  In determining whether such an abuse has taken place, a reviewing court should be mindful that a party is not to pursue amendment or reconsideration just because of "dissatisfaction with a decision of the [c]ourt."  Cap. Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (quoting D'Atria, 242 N.J. Super. at 401).

It is clear that petitioner requested to amend Judge Jerejian's August 2, 2019 order merely because she was dissatisfied with the judge's findings and terminology.  Petitioner presents no convincing argument that the August 2, 2019 order, which denied petitioner's most-recent motion to vacate the April 2014 summary judgment order, was palpably incorrect, irrational, arbitrary, capricious, or unreasonable.  We thus discern no abuse of discretion in Judge

17

Jerejian's order denying petitioner's Rule 4:49-2 motion to amend the August 2, 2019 order.

To the extent petitioner's briefs raise any additional arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

## III.

The Estate's cross-appeal challenges the denial of its request for the court to impose "financial sanctions" for petitioner's frivolous litigation.

Rule 1:4-8 provides for the imposition of sanctions where the attorney or pro se party files a frivolous pleading or a motion. "For purposes of imposing sanctions under [Rule] 1:4-8, an assertion is deemed 'frivolous' when 'no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it is completely untenable.'" United Hearts, LLC v. Zahabian, 407 N.J. Super. 379, 389 (App. Div. 2009) (quoting First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 432 (App. Div. 2007)). See also R. 1:4-8(a). Further, the rule encompasses filings made with an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." R. 1:4-8(a)(1).

A-1394-19

Rule 1:4-8 sanctions "are specifically designed to deter the filing or pursuit of frivolous litigation." LoBiondo v. Schwartz, 199 N.J. 62, 98 (2009). A second purpose of the rule is to compensate the opposing party in defending against frivolous litigation. Toll Bros., Inc. v. Twp. of W. Windsor, 190 N.J. 61, 71 (2007).

We review the decision on a motion for frivolous lawsuit sanctions under an abuse of discretion standard. McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011). Reversal is warranted "only if [the decision] 'was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment.'" Ibid. (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)). Further, an appellate court must give considerable deference to the fee determination of the trial court. A trial court's fee determination "will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

Applying these standards, we find no basis to disturb the decision to deny financial sanctions. Though the court found petitioner engaged in a pattern of frivolous litigation, declining to impose monetary sanctions was not an abuse of

19

discretion, as the court addressed petitioner's frivolous conduct by barring her from filing future pleadings without approval of the assignment judge. Indeed, the court's power to enjoin petitioner's filings derives from its authority to sanction frivolous litigation. See Parish, 412 N.J. Super. at 48-49. The Estate's cross-appeal thus amounts to a challenge of the sufficiency of the sanction imposed by the court. We find the court sufficiently sanctioned defendant by enjoining her filings and did not clearly abuse its discretion by declining to award additional monetary sanctions, especially in light of Judge Mizdol's finding that traditional monetary sanctions would be inadequate to curtail petitioner's frivolous litigation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1394-19